**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

| | |
|---|---|
| JI EON SMITH, | |
| Plaintiff, | CIVIL ACTION NO.: |
| v. | |
| | **COMPLAINT** |
| TBC RETAIL GROUP, INC. D/B/A TIRE KINGDOM, JOHN DOE 1, JOHN DOE 2, and JOHN DOE 3, | **JURY TRIAL DEMANDED** |
| Defendants. | |

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

COMES NOW Ji Eon Smith, Plaintiff, by and through her counsel of record, and files this Complaint for Damages and Jury Demand, showing this Honorable Court as follows:

1. This is an action for personal injury arising out of a motor vehicle collision that occurred on or about November 12, 2018, in Kingsland, Georgia.

### I.     PARTIES

2. Plaintiff Ji Eon Smith is a resident and citizen of Nevada. She brings this negligence action on behalf of herself.

3. Defendant TBC Retail Group, Inc. ("Defendant TBC") is a foreign corporation and is incorporated in the state of Florida, with its principal place of business in Palm Beach Gardens, Florida and is authorized to do business in the state of Georgia, where, upon

1

information and belief, it owns and/or operates an automotive service center known as "Tire Kingdom" located at 101 Kings Bay Road, Kingsland, Georgia 31548. Defendant TBC may be served with process through its registered agent Corporation Service Company, located at 40 Technology Parkway South, Suite 300, Norcross, Georgia 30039.

4. Upon information and belief, at the time of the incident complained of herein, Defendant John Doe 1, whose true name is presently unknown to Plaintiff, was an employee, agent, or apparent agent of Defendant TBC, and John Doe 1 is alleged to have caused plaintiff injury within this District, and when identified by Defendant TBC, will be subject to the jurisdiction of this court.

5. Upon information and belief, Defendant John Doe 2, whose true name is presently unknown to Plaintiff, is alleged by plaintiff to have caused plaintiff injury within this District, and when identified by Defendant TBC will be subject to the jurisdiction of this court, because at the time of the incident complained of herein, Defendant John Doe 2 was:

    a. A party liable for the negligence of its employee, which negligence caused injury to plaintiff;

    b. A party responsible for the wrongful performance of work which resulted in injury to plaintiff;

    c. A party who violated a duty imposed expressly by contract which caused injury to plaintiff;

    d. A party who violated a duty imposed by statute which caused injury to plaintiff;

    e.   A party which failed to adequately educate or train John Doe 1 to properly operate automobiles per TBC's policies and procedures, which failure caused injury to plaintiff;

    f.   A party which failed to ensure that all employees, agents or apparent agents operating automobiles were properly trained and qualified to perform their jobs without violating their duty to comply with all pertinent Federal, State, local, and tribal statutory and regulatory requirements when operating within the United States.

6. Upon information and belief, at the time of the incident complained of herein, Defendant John Doe 3, whose true name is presently unknown to Plaintiff, was the owner and or operator of the vehicle operated by Defendant TBC and or Defendant John Doe 2, and John Doe 3 is alleged to have caused plaintiff injury within this District, and when identified by Defendant TBC, will be subject to the jurisdiction of this court.

## II.    JURISDICTION AND VENUE

7. Federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332. Plaintiff is a citizen of Las Vegas, Nevada. Defendant is a Florida corporation with its principal place of business in Florida and is authorized to do business in Georgia. Accordingly, complete diversity of citizenship exists.

8. The amount of controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.00.

9. Venue in the Southern District of Georgia is proper pursuant to 28 U.S.C. § 1391 because Defendant has personally availed itself of jurisdiction in this District by maintaining offices, agents, and transacting and/or soliciting business throughout this District; is

authorized to conduct business in the state of Georgia; a substantial part of the events or

omissions on which the claims asserted herein are based occurred in this District; and the

torts giving rise to this litigation arose in this District.

### III.     STATEMENT OF CLAIMS

10. On or about November 12, 2018, Plaintiff Ji Eon Smith entered the Tire Kingdom owned

by Defendant TBC located at 101 Kings Bay Road, Kingsland, Georgia 31548 for the

purpose of having her tire air pressure checked and corrected.

11. On or about this date, Plaintiff was parked in a designated parking spot, as directed by

Defendant TBC's employees.

12. On or about this date, Plaintiff in the driver's seat of her vehicle, assisting her daughter

with her daughter's seat belt.

13. On or about this date, a vehicle driven by Defendant John Doe 1, an employee of

Defendant TBC reversed out of a maintenance bay and crashed into the side of Plaintiff's

vehicle.

14. The vehicle operated by Defendant John Doe 1 was operated in such a way as to brutally

impact Plaintiff's vehicle, causing severe injuries including, but not limited to: injuries to

her neck and spine requiring surgical repair, injuries to her brain and spinal column,

causing migraines, seizures, blackouts, anxiety, depression, post-traumatic stress

disorder, and additional ongoing neurological problems.

15. At all times relevant to this complaint, Plaintiff exercised appropriate and due care for her

own safety and received no warning of the incoming crash.

16. At all times relevant to this dispute, Defendants individually and/or collectively owed a non-delegable duty to Plaintiff to properly operate its vehicles in accordance with Federal, State, local, and tribal law.

17. At all times relevant to this complaint, the Defendants individually and/or collectively possessed exclusive ownership, possession and control over the vehicle driven by Defendant John Doe 1, the hazardous operation of which caused Plaintiff's injuries.

18. As a result of the hazardous operation of the motor vehicle driven by Defendant John Doe 1 which was caused by the individual and/or collective acts or omissions of Defendants, Plaintiff suffered significant personal injuries and damages for which Defendants are individually and/or collectively liable.

## IV.     COUNT I - GENERAL NEGLIGENCE

19. Plaintiff re-alleges, and incorporates herein, the allegations set forth in paragraphs 1 through 18, as if restated herein.

20. Defendants, as owners and operators of the vehicle that crashed into Plaintiff, individually and/or collectively owed a non-delegable duty of care to the individuals, including Plaintiff, which they knew or should have known would be parked in a designated parking space, absent a clear warning or barrier preventing them from doing so, or in the alternative, competent direction to park elsewhere.

21. Defendants individually and/or collectively failed to exercise ordinary care in the training, supervision, operation, or other involvement with vehicles in use by Defendants, which failure caused Plaintiff to suffer personal injuries as a result of this crash.

22. Defendants, individually and/or collectively, in the exercise of ordinary care, possessed, or should have possessed, sufficient knowledge of a vehicle parked in a designated

5

parking space so as to require Defendants to properly operate its vehicle so as to not crash into properly parked vehicles.

23. At all times material to this complaint, Defendants individually and/or collectively:

    g.   Negligently and/or carelessly operated the vehicle which crashed into Plaintiff's vehicle; and/or

    h.   After Defendants individually and/or collectively learned, or should have learned, that Plaintiff's vehicle was parked in a designated parking space, they nonetheless failed to take steps to ameliorate the condition and/or negligently and/or carelessly failed to correct the condition and/or negligently and/or carelessly crashed into Plaintiff, causing Plaintiff's injury.

24. At all times material to this Complaint, Plaintiff could not have prevented the crash in ordinary care.

25. At all times material to this Complaint, Defendants individually and/or collectively knew or should have known that the failure to exercise ordinary care in operating their vehicle, which caused Plaintiff's injuries, would expose individuals to an unreasonable risk of physical harm.

26. As a result of Defendants' individual and/or collective negligence, Plaintiff suffered serious physical injuries requiring surgical repair and damages, and Plaintiff is entitled to recover from Defendants all damages which may be allowed under Georgia law.

## V.    <u>COUNT II - NEGLIGENCE OF DEFENDANT TBC</u>

27. Plaintiffs re-allege, and incorporate herein, the allegations set forth in paragraphs 1 through 26, as if restated herein.

28. Defendant TBC had a non-delegable duty to ensure that its employees were reasonably safe and complied with all laws and industry standards concerning the safe operating of its motor vehicles and/or the vehicles that were entrusted to Defendant TBC.

29. Defendant TBC breached the above-mentioned duties and was therefore negligent in one or more of, but not limited to, the following ways:

   i.   Failing to verify and ensure that its employees operated vehicles in a reasonably safe manner and abided by all laws governing the safe operation of motor vehicles;

   j.   Failing to properly train and instruct its employees on proper vehicle operation;

   k.   Failing to properly supervise its employees and identify dangerous and negligent behaviors that could have been corrected in time to avoid this hazardous condition; and

   l.   Habitually disregarding the local, state, tribunal, and federal laws and regulations and industry standards concerning the proper operation of motor vehicles, such that it created a culture of danger and zone of risk that was reasonably anticipated to cause injury and death to others and constituted a dangerous mode of operation.

30. Defendant TBC's negligence directly and proximately caused Plaintiff's injuries and damages.

## VI.   COUNT III - VICARIOUS LIABILITY

31.  Plaintiff re-alleges, and incorporates herein, the allegations set forth in paragraphs 1 through 30, as if restated herein.

32.  Upon information and belief, at all times relevant to this complaint, the individuals responsible for operating motor vehicles, training employees, and supervising employees

were employees, agents, or apparent agents of Defendant TBC, and were acting within the scope of their employment with Defendant TBC.

33.  At the time of Plaintiff's injury, the employees, agents, or apparent agents of Defendant TBC failed to perform their respective duties to properly train and/or supervise the improperly trained employee.

34.  Defendant TBC, Defendant John Doe 2, and/or Defendant John Doe 3, are individually and/or collectively responsible for the conduct of these employees, agents, or apparent agents of Defendants under the doctrine of *respondeat superior*, agency or apparent agency.

35.  Upon information and belief, at all times relevant to this complaint, Defendant John Doe 3 owned the motor vehicle that crashed into Plaintiff's parked vehicle, and negligently entrusted it to Defendant TBC, John Doe 1, and or John Doe 2.

## VII.   RELIEF

36.  Plaintiff re-alleges, and incorporates herein, the allegations set forth in paragraphs 1 through 35, as if restated herein.

37.  As a direct result of Defendants' individual and/or collective negligence, Plaintiff suffered traumatic and permanent psychological and physical injuries, including but not limited to injuries to her head, neck, and jaw area; injuries to her right shoulder and back; injuries to her brain and spinal cord; and also incurred reasonable medical expenses necessary to treat those injuries, in amounts which will be proven at the time of trial, and has sustained severe physical and emotional pain and suffering. All of Plaintiff's damages will continue into the future, to the extent said injuries are permanent.

8

38.  Plaintiff also avers that as a direct and proximate result of the individual and/or

collective negligence of the Defendants, she was caused to suffer and incur the following

injuries and damages for which she seeks to recover:

    m.  Personal injuries;

    n.  Pain and suffering;

    o.  Disability;

    p.  Disfigurement;

    q.  Mental anguish;

    r.  Loss of the capacity for the enjoyment of life;

    s.  Impaired ability to labor;

    t.  Lost earning capacity;

    u.  Impaired ability to perform activities of daily life;

    v.  Travel expenses for seeking medical treatment;

    w.  Other related incidental expenses;

    x.  Permanent injuries; and

    y.  Future medical expenses.

39.  Defendants' individual and/or collective negligence solely and proximately caused

Plaintiff's injuries.

40.  WHEREFORE, having fully set forth her claims for damages against the Defendants,

and based upon the pleadings found herein, Plaintiff respectfully prays that this

Honorable Court enter judgment against the Defendants, individually and/or collectively:

    z.  For past, present and future medical and doctor expenses in an amount to be

       proven through the evidence at trial;

aa. For past, present, and future pain and suffering in an amount to be determined by the conscience of the jury;

bb. For past and future lost earning capacity, in an amount to be proven through the evidence at trial;

cc. For past, present, and future travel expenses for seeking medical treatment in amounts to be proven at time of trial through the evidence;

dd. For all other damages suffered, in amounts to be proven at time of trial through the evidence, or determined by the conscience of the jury;

ee. That a jury be impaneled to resolve all factual disputes;

ff. For such other and further relief the Court deems just and proper; and

gg. That Plaintiff be allowed to freely amend this Complaint in order to avoid manifest injustice.

## VIII.   <u>CERTIFICATION AND CLOSING</u>

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

This 5th day of November, 2020.

**FARAH & FARAH P.A.**

By:  /s/Caitlin Clarke

Caitlin Clarke, Esq.
Attorney for Plaintiff
Georgia Bar No.: 902650

PREPARED BY:
FARAH & FARAH P.A.
10 WEST ADAMS STREET
JACKSONVILLE, FL 32202
PHONE/FAX: (904) 862-2071
EMAIL: CCLARKE@FARAHANDFARAH.COM
ALT: ESTONE@FARAHANDFARAH.COM

11

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I have this day served a copy of the within and foregoing pleading

upon all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage

prepaid, addressed as follows:

TBC Retail Group, Inc.
C/O Corporation Service Company
40 Technology Parkway South, Suite 300
Norcross, GA 30092

This 5th day of November, 2020.

FARAH & FARAH P.A.

By:  /s/Caitlin Clarke

Caitlin Clarke, Esq.
Attorney for Plaintiff
Georgia Bar No.: 902650

PREPARED BY:
FARAH & FARAH P.A.
10 WEST ADAMS STREET
JACKSONVILLE, FL 32202
PHONE/FAX: (904) 862-2071
EMAIL: CCLARKE@FARAHANDFARAH.COM
ALT: ESTONE@FARAHANDFARAH.COM